UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GARY C. TANNER, | ) CASE NO. C07-0713-JCC-MAT |
| Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| DR. KENNEY, et al., | ) |
| Defendants. | ) |

## INTRODUCTION

Plaintiff proceeds *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 action. He includes in his amended complaint a request for a preliminary and permanent injunction ordering defendants to cease retaliation and to forbid his transfer "to another prison where his mental illness cannot be addressed before treatment [currently ongoing] can continue." (Dkt. 18 at 4.)

Before the Court issued its ruling granting plaintiff's motion to file his amended complaint, defendants filed a response to an "'Order to cause for a Injunction a Temporary Restraining Order[,]'" which they construed as a motion for a temporary restraining order and preliminary injunction. (Dkt. 21 at 1.) However, defendants provided no citation to the perceived motion and it was not apparent to the Court whether such a motion had been filed, or whether defendants were responding to language contained within a proposed amended complaint the Court had

REPORT AND RECOMMENDATION
PAGE -1

01 previously deemed inadequate. (*See* Dkt. 15.)

02 It has now come to the Court's attention that the perceived motion to which defendants
03 were responding was attached to and docketed as an exhibit to a previously addressed motion for
04 appointment of counsel. (*See* Dkt. 19, Ex. at 4.) Accordingly, the Court now belatedly responds
05 to the requests for a temporary restraining order and preliminary injunction contained within that
06 document (hereinafter "plaintiff's motion"). (*See id.*) Having considered plaintiff's motion,
07 defendants' response, and the remainder of the record, it is recommended that plaintiff's motion
08 be denied for the reasons set forth below.

09 <u>DISCUSSION</u>

10 A grant of preliminary injunctive relief requires: "'(1) a strong likelihood of success on the
11 merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted,
12 (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in
13 certain cases).'" *Johnson v. California State Bd. Of Accountancy,* 72 F.3d 1427, 1430 (9th Cir.
14 1995) (quoted case omitted). Alternatively, a moving party may show *either* a combination of
15 likely success on the merits and the possibility that he/she will suffer irreparable injury *or* that
16 serious questions are raised and the balance of hardships tips sharply in the moving party's favor.
17 *Id.* (cited sources omitted).

18 "Under any formulation of the test, plaintiff must demonstrate that there exists a significant
19 threat of irreparable injury." *Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374, 1376
20 (9th Cir. 1985). *Accord Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir.
21 1988) ("At a minimum, a plaintiff seeking preliminary injunctive relief must demonstrate that it will
22 be exposed to irreparable harm.") "Speculative injury does not constitute irreparable injury

sufficient to warrant granting preliminary relief. A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." *Carribean Marine Servs. Co.*, 844 F.2d at 674 (internal citation and other cited sources omitted). Also, as the United States Supreme Court has noted, "'[i]t frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure § 2948, pp. 129-30 (2d ed. 1995)) (emphasis added by Supreme Court).

In this case, plaintiff seeks a preliminary injunction enjoining defendants or others from using infractions to punish him for seeking access to the courts. (Dkt. 19, Ex. at 4.) He further seeks to restrain defendants or others from transferring him "from his present mental health setting to a facility that [would] provide little if any therapy." (*Id*.) As discussed below, the Court concludes that plaintiff fails at a fundamental level to demonstrate any significant threat of irreparable injury.

With respect to the issue of a transfer, the Court first notes that, in general, a convicted prisoner does not have a right to be housed at a particular facility in a state prison system. *See Meachum v. Fano*, 427 U.S. 215, 224-25 (1976) ("The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in *any* of its prisons."; "[T]he Due Process Clause in and of itself [does not] protect a duly convicted prisoner against transfer from one institution to another within the state prison system.") (emphasis in original). *But see Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) ("[P]rison officials [may not] transfer an

inmate to another prison in retaliation for the inmate's exercise of his First Amendment right to pursue federal civil rights litigation.") Moreover, in this case, plaintiff does not show, or even allege, the existence of any significant threat of a transfer. Instead, any such harm appears to be purely speculative and, consequently, insufficient to warrant the relief requested. Indeed, the Court notes that, in the several months since he filed his motion, plaintiff has not been transferred.

Nor does plaintiff present a significant threat of irreparable injury on the issue of retaliatory infractions. This claim relates to an infraction plaintiff received from defendant correctional officer McIntrye in May 2007, following the filing of this lawsuit. (*See* Dkt. 18 at 4 and Dkt. 19, Ex. at 1 & 3.) Yet, documents provided by respondents show that this infraction was promptly dismissed based on the conclusion that the appropriate forum for resolving the issue resided in the legal proceedings in this case. (Dkt. 21, Ex. 1 and Attach A.) As such, there is no evidence plaintiff has or will suffer any irreparable harm absent the requested judicial intervention. Accordingly, plaintiff is not entitled to the relief sought.

## CONCLUSION

For the reasons set forth above, the Court recommends that plaintiff's motion for a temporary restraining order and preliminary injunctive relief (Dkt. 19, Ex. at 4) be denied. A proposed Order accompanies this Report and Recommendation.

DATED this 5th day of November, 2007.

Mary Alice Theiler
United States Magistrate Judge